IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| James A.S.,[1]<br><br>Plaintiff,<br><br>vs.<br><br>Frank Bisignano, Commissioner of Social Security Administration,<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | C/A No.: 4:26-2839-RMG-TER<br><br><br><br><br>REPORT AND RECOMMENDATION |

The sole issue in this Report and Recommendation is whether James A.S. ("Plaintiff") should be required to pay the filing fee, or whether his financial condition justifies waiver of the payment. Plaintiff has commenced this action pursuant to 42 U.S.C. § 405(g) requesting review of the Commissioner of Social Security's decision denying his application for disability benefits. All pretrial proceedings in this matter were referred to the undersigned pursuant to Local Civ. Rule 73.02(B)(2)(a) (D.S.C.). For the reasons that follow, the undersigned recommends the district judge deny Plaintiff's request for leave to proceed in forma pauperis.

[1] The Committee on Court Administration and Case Management of the Judicial Conference of the United States has recommended that, due to significant privacy concerns in social security cases, federal courts should refer to claimants only by their first names and last initials.

I. Procedural Background

Plaintiff filed an Application to Proceed in District Court without Prepaying Fees or Costs (Form AO-240) [ECF No. 3], which this court construes as a motion for leave to proceed in forma pauperis. On Form AO-240, Plaintiff states he receives a total of $2,494 in monthly disability benefits from the Department of Veterans Affairs and $1,482 in Social Security retirement benefits per month. *Id.* at 1. He also receives a pension of $350 for a total monthly income of $4,326. He has $1,500 in checking or savings account. He owns a home and a mobile home for which he pays $3,300 on taxes and insurance per year. He also owns four vehicles of various ages, collectively worth $4,950, for which he pays $6,200 in total yearly taxes and insurance. He has about $2,000 in monthly expenses and contributes toward the support of his 35-year old daughter and his 15-year old grandson, although they are not his dependents.

II. Discussion

Grants or denials of applications to proceed in forma pauperis are left to the discretion of federal district courts. *See Dillard v. Liberty Loan Corp.*, 626 F.2d 363, 364 (4th Cir. 1980). However, there is no clear precedent in the Fourth Circuit concerning a magistrate judge's authority to issue an order

denying an application to proceed in forma pauperis.[2] The Sixth Circuit has concluded that a magistrate judge cannot issue an order to deny an application to proceed in forma pauperis. *Woods v. Dahlberg*, 894 F.2d 187 (6th Cir. 1990). Specifically, the *Woods* court ruled that a denial of an application to proceed in forma pauperis by a magistrate judge is the functional equivalent of an involuntary dismissal, which cannot be granted by a magistrate judge pursuant to 28 U.S.C. § 636(b)(1)(A). *Id.* at 187. The Tenth and Fifth Circuits have reached similar conclusions. *See Lister v. Dept. of the Treasury*, 408 F.3d 1309, 1312 (10th Cir. 2005); *Donaldson v. Ducote*, 373 F.3d 622, 623–25 (5th Cir. 2004). Therefore, the undersigned submits this Report and Recommendation to preserve Plaintiff's opportunity to obtain a *de novo* review by the district judge on objections.

A litigant is not required to show he is completely destitute in order to qualify as an indigent within the meaning of 28 U.S.C. § 1915(a). *Adkins v. E.I. Du Pont de Nemours & Co.*, 335 U.S. 331, 337–44 (1948). However, the "privilege to proceed without posting security for costs and fees is reserved to the many truly impoverished litigants who . . . would remain without legal

[2] The Fourth Circuit has held that, absent consent to the jurisdiction of the magistrate judge, proper review of a magistrate judge's denial of a plaintiff's motion to proceed in forma pauperis is in the district court. *Gent v. Radford University*, 187 F.3d 629 (Table), 1999 WL 503537, *1 (4th Cir. July 16, 1999). However, the court did not specify the standard of review. *Id.*

remedy if such privilege were not afforded to them." *Brewster v. North Am. Van Lines, Inc.*, 461 F.2d 649, 651 (7th Cir. 1972). In *Carter v. Telectron, Inc.*, 452 F. Supp. 939 (S.D. Tex. 1976), the court enunciated three legal tests used to determine whether a person should proceed *in forma pauperis* under 28 U.S.C. § 1915:

> (1) Is the litigant barred from the federal courts by the reason of his "impecunity"?
>
> (2) Is his access to the courts blocked by the imposition of an undue hardship?
>
> (3) Is the litigant forced to contribute his last dollar, or render himself destitute, to prosecute his claim?

*Id.* at 943; *see also Abbot v. Commissioner of Social Security*, C/A No. 4:10-2253-JFA-TER, 2010 WL 4226151, at *1 (D.S.C. Sept. 17, 2010); *Schoenfeld v. Donaghue*, C/A No. 4:07-617-RBH, 2007 WL 1302659, at *3 (D.S.C. May 2, 2007).

Upon review of the information before the court, and mindful of the tests set forth in *Carter*, it does not appear that Plaintiff would be rendered destitute by paying the filing fee of $405 (including a $55 administrative fee), nor is there any indication that requiring payment of the filing fee would impose an undue hardship or effectively block Plaintiff's access to the courts. *See Carter*, 452 F. Supp. at 942 (holding plaintiff was not indigent because he had the right to collect a judgment of $5486.76); *see also Ali v. Cuyler*, 547 F. Supp. 129 (E.D.

Pa. 1982) (finding $450.00 in savings sufficient to allow the plaintiff to pay the filing fee of $60.00 without foregoing basic human needs).

Here, Plaintiff has $1,500 in a bank account and his income exceeds his monthly and yearly expenses. Thus, Plaintiff has sufficient funds to pay the filing and administrative fees without rendering himself destitute. Accordingly, the undersigned recommends Plaintiff's Application to Proceed in District Court without Prepaying Fees or Costs [ECF No. 3] be denied.

III. Conclusion and Recommendation

For the foregoing reasons, it is recommended that the district judge deny Plaintiff's Application to Proceed Without Prepayment of Fees and Affidavit [ECF No. 3]. If the district judge accepts this recommendation, the undersigned recommends Plaintiff be permitted 14 days from the date of the order denying the motion to proceed in forma pauperis to submit the required filing fee.

IT IS SO RECOMMENDED.

s/ Thomas E. Rogers III
Thomas E. Rogers III
United States Magistrate Judge

July 16, 2026
Columbia, South Carolina

**The parties are directed to note the important information in the attached "Notice of Right to File Objections to Report and Recommendation."**

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Robin L. Blume, Clerk
United States District Court
901 Richland Street
Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).