**IN THE UNITED STATES DISTRICT COURT**
**DISTRICT OF SOUTH CAROLINA**

| | |
|---|---|
| James A. Settles, | Case No. 4:26-cv-2839-RMG |
| Plaintiff, | |
| v. | |
| | **ORDER** |
| Frank Bisignano, Commissioner of Social Security Administration, | |
| Defendant. | |

This matter is before the Court upon the Report and Recommendation ("R & R") of the Magistrate Judge, recommending that Plaintiff's application for in forma pauperis status be denied. (Dkt. No. 5). Plaintiff has filed an objection to the R & R, arguing that the Magistrate Judge provided the incorrect legal standard in the R & R. (Dkt. No. 6).

## I.  Legal Standard

### A.  Magistrate's Report and Recommendation

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility for making a final determination remains with this Court. *See Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). This Court is charged with making a de novo determination of those portions of the R & R to which specific objections are made. *See* 28 U.S.C. § 636(b)(1). Additionally, the Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." *Id*. Where a party fails to timely file any specific objections, "a district court need not conduct a de novo review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept

1

the recommendation." *Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (citation and punctuation omitted).

## II.     Discussion

The Magistrate Judge detailed in the R & R Plaintiff's income and other financial resources as well as his ongoing expenses. The Magistrate Judge, citing the Supreme Court's decision in *Adkins v. Du Pont de Nemours & Co.*, 335 U.S. 331, 337-344 (1948), plainly stated that the application for in forma pauperis status need not show "he is completely destitute in order to qualify as an indigent within the meaning of 28 U.S.C. § 1915(a). The Magistrate Judge then set forth the frequently cited decision in *Carter v. Telectron, Inc.*, 452 F. Supp. 939, 943 (S.D. Tex. 1976), which lays out such factors as (1) whether the litigant would be barred from the federal court due to his indigency; (2) whether payment of the $405 filing fee would impose an undue hardship; or (3) whether Plaintiff would be "forced to contribute his last dollar, or render himself destitute to prosecute the claim."

The Magistrate Judge found that "upon review of the information before the court, and mindful of the tests set forth in Carter, it does not appear that Plaintiff would be rendered destitute by paying the filing fee of $405 (including $55 administrative fee), nor is there any indication that requiring payment of the filing fee would impose an undue hardship or effectively block Plaintiff's access to the courts." (Dkt. No. 5 at 4). Plaintiff complains that Plaintiff's obligations and annual taxes and insurance were not accounted for by the Magistrate Judge and alleges the Magistrate Judge overlooked the detailed Long Form AO 239. He further contends that the Magistrate Judge required him to be destitute to qualify for in forma pauperis status. (Dkt. No. 6 at 2-3).

Having reviewed the full record in this matter, the R & R, and applicable legal standards, the Court finds that the Magistrate Judge correctly concluded that Plaintiff does not qualify for in

forma pauperis status. Plaintiff's complaint that the Magistrate Judge required him to be destitute to qualify for in forma pauperis status is inconsistent with the plain language of the R & R. After reviewing the Long Form, it is clear that Plaintiff cannot show that he would be barred from federal court if his in forma pauperis status was denied or that payment of the $405 would pose an undue hardship. This is in addition to the finding that the payment of the filing fee would not force him to contribute his last dollar or render him destitute.

The Court adopts the R & R of the Magistrate Judge as the Order of the Court, as further addressed in this Order. Plaintiff's motion for in forma pauperis status (Dkt. No. 5) is **DENIED**.

**AND IT IS SO ORDERED.**

s/ Richard Mark Gergel
Richard Mark Gergel
United States District Judge

August 4, 2026
Charleston, South Carolina

3